UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA )<br>)<br>v.                                                              )<br>)<br>SATHTRA EM,                                         )<br>)<br>              Defendant.                              )<br> ) | Criminal No.<br>23-10009-FDS-2 |

**MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION
FOR PRELIMINARY ORDER OF FORFEITURE**

**SAYLOR, C.J.**

Sathtra Em pleaded guilty to (1) conspiracy to distribute and to possess with intent to distribute MDMA and buprenorphine and (2) two counts of money laundering conspiracy. On August 14, 2024, she was sentenced to 21 months of imprisonment, three years of supervised release, and a $300 special assessment. On the same day, the Court took under advisement the government's motion for preliminary forfeiture of property in order to consider defendant's Eighth Amendment challenge to the forfeiture of her house.

Briefly, the additional facts relevant to the Eighth Amendment challenge are as follows. On May 27, 2015, defendant purchased a single-family home at 8 Aberdeen Street in Lowell, Massachusetts, financed by a $247,920 mortgage. (Plea Agmt. Statement of Facts 5).

Defendant knowingly accepted illicit funds from her co-conspirator, Sarath Yut, commingled those funds with her own, and used them to pay the mortgage on 8 Aberdeen. (Id. at 6). Between December 2014 and January 2021, $102,031 of illegitimate funds were deposited into defendant's bank accounts, $76,775 of which was shown to be directly intended to subsidize Em's mortgage payments on 8 Aberdeen. (Id. at 7).

A January 2024 appraisal of 8 Aberdeen assessed defendant's net equity in the property to be $195,959.10.  (Gov't Sentencing Mem., Ex. 3).

As part of the plea agreement, defendant agreed not to contest "that the Property is in fact subject to forfeiture as a result of the Defendant's offense."  (Indt. 5).  Thus, the only dispute is whether the forfeiture of 8 Aberdeen would violate the Excessive Fines Clause of the Eighth Amendment.

I.    **The Proposed Forfeiture Does Not Violate the Eighth Amendment**

A criminal forfeiture is unconstitutional under the Eighth Amendment if it is "grossly disproportional to the gravity of the defendant's offense."  *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).  There are three guiding factors for a court to consider in determining whether a forfeiture is grossly disproportionate:  "(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant."  *United States v. Heldeman*, 402 F.3d 220, 223 (1st Cir. 2005) (citing *Bajakajian*, 524 U.S. at 334).  All three *Heldeman* factors suggest that forfeiture of 8 Aberdeen in this case would be proportional.

As to the first factor, those who knowingly supply their accounts for the deposit of illicit funds and use those funds under their own names in legitimate transactions clearly fall within the contemplation of the money-laundering statute.  *See* 18 U.S.C. § 1956.

The second factor, upon which the *Heldeman* court primarily relied, strongly suggests that the forfeiture is constitutional.  In *Heldeman*, forfeiture of a residence did not violate the Eighth Amendment where the defendant's equity in the residence was "15[%] of the maximum total fine permitted."  *Heldeman*, 402 F.3d at 223.[1]  Here, the most recently assessed equity of

---

[1] It appears that in *Heldeman* the high end of the guideline range and the statutory maximum fine were the same.  *See* U.S.S.G. § 5E1.2(c)(4) ("Subsection (c)(2), limiting the maximum fine, does not apply if the defendant is

defendant in 8 Aberdeen was $195,959.10, representing 19.6% of the fine at the high end of the guideline range. (*See* Gov't Sentencing Mem. 11).

The third factor also weighs in favor of forfeiture. The crime of money laundering, by definition, is related to other criminal activity and thus causes harm beyond the mere number of dollars laundered. In *United States v. Jose*, the First Circuit noted that bulk cash smuggling "constitutes a significant harm," in part based upon Congress's finding that various types of serious criminal activity were linked to the "laundering of bulk cash." 499 F.3d 105, 112 (2007). Surely then, laundering itself, and, in this case, laundering explicitly connected to drug distribution, constitutes a "significant harm" such that a forfeiture of less than two times the value of money laundered is not "grossly disproportional."

In *Jose* and *Levesque*, the First Circuit delineated an additional factor to consider: "whether forfeiture would deprive the defendant of his or her livelihood." *United States v. Levesque*, 546 F.3d 78, 83 (1st Cir. 2008) (citing *Jose*, 499 F.3d at 113). Defendant has not made an argument on that basis. In any event, 8 Aberdeen appears to have been substantially paid for with laundered money. For that reason, the "[property] wasn't [hers] to start with." *Jose*, 499 F.3d at 113. And while the forfeiture of a home is a substantial loss, it does not "deprive a defendant of his or her future ability to earn a living." *Levesque*, 546 F.3d at 85; *see also United States v. Fogg*, 666 F.3d 13, 19-20 (1st Cir. 2011). The First Circuit has upheld similar forfeitures. *See United States v. One Parcel of Real Prop. with Buildings, Appurtenances & Improvements k/a 45 Claremont St., Located in City of Cent. Falls, R.I*, 395 F.3d 1, 6 (1st Cir. 2004) (upholding forfeiture of defendant's property where she lived with her four young

---

convicted under a statute authorizing . . . a maximum fine greater than $500,000 . . . . In such cases, the court may impose a fine up to the maximum authorized by the statute.").

3

children).

Defendant's counsel also hinted at an argument that forfeiture of 8 Aberdeen's *appreciated* value would be excessive. The fact that the property has appreciated in value since it was purchased does not affect the constitutionality of the forfeiture. *See, e.g.*, *U.S. v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) ("[T]he motor home [is to] be forfeited without regard to any increased value . . . whether . . . the result of wise investment, personal effort . . . , or by adding . . . untainted funds."); *United States v. Real Property Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 59-60 (D.D.C. 2003) ("[T]he entire property, including its appreciated value, is subject to forfeiture. . . . Any contrary result would reward [defendant] for his illegal activities by permitting him to profit from the purchase of property that has substantially increased in value."); *see also United States v. Betancourt*, 422 F.3d 240, 250-51 (5th Cir. 2005); *United States v. Seher*, 686 F. Supp. 2d 1323, 1330-32 (N.D. Ga. 2010); *United States v. Loe*, 49 F. Supp. 2d 514, 524 (N.D. Tex. 1999). While some courts have found it appropriate to grant forfeiture only as to the portion of the property purchased with tainted funds, that has been in the circumstance of "traceable" property, whereas here 8 Aberdeen was "involved in" the scheme to launder money. *See Loe*, 48 F. Supp 2d at 521-22 (portioning out forfeiture of "traceable" property); *Hawkey*, 148 F.3d at 927-28 (distinguishing between "traceable" and "involved" property).

Finally, defendant's reliance on *Timbs v. Indiana*, 586 U.S. 146, 149-50 (2019), is misplaced. That case addressed whether the Excessive Fines Clause was incorporated against the states and did not provide any holding or even *dicta* on the actual proportionality or constitutionality of the underlying forfeiture. Furthermore, the property at issue in *Timbs*

4

represented four times the value of the maximum fine,[2] whereas here, the value of 8 Aberdeen is only about 60% of the fine at the high end of the guideline range, and the proper measure of the forfeiture value—defendant's equity in the property—represents only 19.6% of the fine at the high end of the range.

By statutory mandate, an individual convicted of money-laundering conspiracy "shall [be] order[ed to] . . . forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."  18 U.S.C. § 982(a)(1).  The facts stipulated to by the parties describe 8 Aberdeen as at least "traceable" property, but it is clear that it is property intimately "involved in" the conspiracy itself.  Forfeiture of the property clearly comports with the proportionality requirements of the Excessive Fines Clause of the Eighth Amendment.

For the foregoing reasons, the government's motion for a preliminary order of forfeiture is GRANTED.  A written order of preliminary forfeiture will follow.

**So Ordered.**

Dated: September 12, 2024

/s/  F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court

---

[2] The underlying forfeiture and sentencing in *Timbs* occurred in Indiana state court.  While Indiana had adopted sentencing guidelines at the time of the underlying forfeiture, the Supreme Court in *Timbs* referred only to the "maximum . . . monetary fine assessable," and not to any sentencing guidelines.  586 U.S. at 148.